ly pleading contributory negligence. We deem any further consideration of these issues unnecessary, because in the view of the facts adopted by us the plaintiff was necessarily not guilty of negligence proximately causing or contributing to the accident.

For the reasons assigned, our previous decree is reinstated and is the final decree of this court.

Original decree reinstated.

## MARTIN v. TOYE BROS. YELLOW CAB CO.; Inc., et al.

No. 16099.

Court of Appeal of Louisiana. Orleans.
Nov. 18, 1935.

For former opinion, see 162 So. 257.

John P. Sullivan, David Sessler, and Gordon Boswell, all of New Orleans, for appellants.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellee.

McCALL, Judge ad hoc.

Following the granting of a rehearing, we have painstakingly reviewed the entire record herein and have carefully considered the arguments made in brief and at the bar; and the result is that we are the more convinced of the correctness of our original conclusions.

We consider that the facts proven by the weight of the testimony and the probabilities are accurately set forth in our previous opinion.

The only substantial issue of law is in regard to the sufficiency of the original answer as containing a plea of contributory negligence and the propriety of allowing the amended answer definitely and clear-